**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5069-18T1

MONIQUE JOHNSON,

    Plaintiff-Appellant,

v.

JAYNE LACINA-HEALY,

    Defendant-Respondent.

_____

        Submitted May 28, 2020 – Decided June 11, 2020

        Before Judges Alvarez and Suter.

        On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. DC-002054-19.

        Monique Johnson, appellant pro se.

        Sullivan and Graber, attorneys for respondent (Danyelle H. Golland, on the brief).

PER CURIAM

Plaintiff Monique Johnson appeals a Special Civil Part judgment entered in her favor against defendant Jayne Lacina-Healy. Finding substantial credible evidence in the record to support the judgment, we affirm.

On July 14, 2018, defendant's vehicle struck a parked car, which collided with other vehicles, and one hit the rear of plaintiff's vehicle, pushing it into some garbage cans. New Life Auto Sports (New Life) estimated $3233 to repair the rear bumper assembly of plaintiff's vehicle. She did not have it repaired there, but had it towed to another shop, DC Auto Body, in Perth Amboy, which was closer to her home. DC Auto's estimate to repair the front end of the vehicle was $4638.88. The estimate did not mention any damage in the rear of the vehicle.

The car remained at DC Auto without being repaired although it had been taken apart and could not be used. Plaintiff claims defendant's insurer did not inspect it until November 5, 2018, and that she incurred storage and car rental charges in the meantime. After the inspection, plaintiff paid $5949.68 to DC Auto for storage, tear-down and labor charges, and the car was put back together and released to her. Neither the front nor the back of her car was repaired.

Plaintiff sued defendant in the Special Civil Part seeking $15,000 in damages. At the trial on June 25, 2019, plaintiff and a witness to the accident

both testified. An individual from DC Auto, who plaintiff subpoenaed, did not appear for trial. Plaintiff indicated she would proceed without him. Plaintiff acknowledged defense counsel's photographs of her car accurately showed its condition.

Plaintiff was awarded a judgment of $3013.[1] The judge found no damage to the front of plaintiff's car based on the photographs:

> I don't see any damage to the front of the car. I'm looking at the estimate from DC Autobody, they got a charge here for headlamps. The headlamp is fine, it's not cracked. A charge for a new grill. There's nothing wrong with the grill. There's nothing—I don't see a single scratch of damage to the front of this car, just because it hit some garbage cans. I don't see any justification for $4600 worth of repairs.

The trial court found minor damage to the rear bumper, awarding plaintiff the full amount of that estimate and a portion of her car rental charges.

On appeal, plaintiff argues:

> I. I ASKED THE JUDGE TO SPEAK WITH THE REPAIR SHOP, HE WOULD HAVE HAD A BETTER UNDERSTANDING OF THE FACTS TO MAKE A FAIR DECISION, I SUBPOENAED THE REPAIR SHOP, BUT THEY DID NOT APPEAR. ALSO, THE DEFENDANT DID NOT SHOW THE JUDGE THE HIDDEN DAMAGE PHOTOS, HE ONLY SHOWED

---

[1] This was comprised of $3233 for the rear bumper, $502 for car rental charges and $82 in court costs, less $804 that defendant's insurer paid plaintiff.

THE TOP PHOTOS. NJ REGULATION STATES THAT HIDDEN DAMAGES MUST BE COVERED.

II. ALLSTATE IS RESPONSIBLE FOR ALL REPAIRS TO PLAINTIFF'S VEHICLE.

III. ALLSTATE IS LIABLE FOR THE EXTRA STORAGE FEES.

We afford a deferential standard of review to the factual findings of the trial court on appeal from a bench trial. Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). These findings will not be disturbed unless they are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Id. at 484 (internal quotation mark omitted) (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)). However, our review of a trial court's legal determinations is plenary. D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013) (citing Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995)).

There was substantial credible evidence to support the judgment. Defendant's liability was not disputed. Plaintiff and a witness testified about how the accident occurred. There was damage to the rear bumper. The court found the photographs showed this damage. The court relied on the estimate from New Life to calculate the amount of the damages and also allowed a portion

4

of the car rental charges. Plaintiff acknowledged she had received $804 from defendant's insurer, and that amount was deducted.

Plaintiff had the burden of proving her claims by a preponderance of the evidence. See Jerista v. Murray, 185 N.J. 175, 191 (2005) (explaining that in most "personal injury case[s] . . . . plaintiffs ha[ve] the burden of proving [their case] by a preponderance of the evidence"). The record did not support plaintiff's claim there were damages to the front-end of the car, hidden or otherwise. There was no proof DC Auto's estimate related to this accident; it was undated and did not mention the date of loss. It included repairs to parts that were not damaged. Plaintiff's eyewitness did not testify that any front-end damage occurred. The court was not required to call the witness who did not appear, particularly here, where the testimony would have related to the uncorroborated front-end damage claim. Given the lack of proof on this portion of plaintiff's claim, the trial court properly disallowed the storage and car rental charges associated with the claim.

After carefully reviewing the record and the applicable legal principles, we conclude that plaintiff's further arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5069-18T1